IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20047
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE LUIS VARGAS, also known as Jose Luis Vargas-Gonzalez,
also known as Jose Vargas-Vargas, also known as
Jose Jesus Vargas,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-328-ALL
- - - - - - - - - -
October 18, 2001

Before REAVLEY, HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM:[*]

Jose Luis Vargas (Vargas) has appealed his conviction based on a guilty plea to illegal reentry into the United States after removal, a violation of 8 U.S.C. § 1326. Vargas's guideline offense level was enhanced 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on a Texas felony driving-while-intoxicated (DWI) conviction, which was determined to be an aggravated felony. The district court sentenced Vargas to 80 months' imprisonment.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vargas contends that the district court erred by applying the 16-level enhancement because his prior felony DWI conviction is not an aggravated felony. Because Vargas raises this issue for the first time on appeal, we review for plain error. See United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc); United States v. Olano, 507 U.S. 725, 730-36 (1993).

A Texas felony DWI conviction is not a "crime of violence" as defined in 18 U.S.C. § 16 and thus is not an aggravated felony for the purpose of a U.S.S.G. § 2L1.2(b)(1)(A) 16-level enhancement. United States v. Chapa-Garza, 243 F.3d 921, 927-28 (5th Cir. 2001) (decided after the district court sentenced Vargas). Therefore, the district court's error in applying the 16-level enhancement was plain and affected Vargas's substantial rights. Because Vargas's sentencing range would be reduced substantially without the 16-level enhancement, we exercise our discretion to correct this error. See United States v. Miranda, 248 F.3d 434, 445 (5th Cir.), petition for cert. filed (U.S. Sept. 6, 2001) (No. 01-6235). Accordingly, Vargas's sentence is VACATED and this cause is REMANDED for resentencing.

Vargas contends that his prior DWI conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530

U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).  Vargas's contention is moot in light of the disposition we make of his appeal.

SENTENCE VACATED; REMANDED.